UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**    'O'

| Case No. | 2:16-cv-00079-CAS(FFMx) | Date | February 18, 2016 |
|---|---|---|---|
| Title | RICHARD KANARIK V. UNITED STATES POSTAL SERVICE | | |

| Present: The Honorable | CHRISTINA A. SNYDER | | |
|---|---|---|---|
| Catherine Jeang | Not Present | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:** (IN CHAMBERS) - DEFENDANT'S MOTION TO DISMISS COMPLAINT (Dkt. 7, filed January 12, 2016)

The Court finds this motion appropriate for decision without oral argument. Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing date of February 22, 2016, is hereby vacated, and the matter is hereby taken under submission.

## I.   INTRODUCTION & BACKGROUND

On November 23, 2015, plaintiff, proceeding *pro se*, initiated this action in the Los Angeles County Superior Court, Small Claims Office against defendant the United States Postal Service ("USPS"). Dkt. 1-1. Plaintiff initiated this action using a California Judicial Council Form SC-100, "Plaintiff's Claim and ORDER to go to Small Claims Court." Id. On this form, plaintiff alleged that he was owed money because: "Defendant cheated me out of higher level position 3 times in the last 4 years." Id., at 4.

On January 5, 2016, USPS removed this action to this Court pursuant to 28 U.S.C. § 1442. Dkt. 1. On January 12, 2016, USPS filed the instant motion to dismiss plaintiff's complaint for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1). Dkt. 7. Plaintiff has failed to file an opposition. Having carefully considered the arguments raised by defendant, the Court finds and concludes as follows.

## II.   ANALYSIS

USPS contends that it has not waived its sovereign immunity over claims such as plaintiff's and that, therefore, this Court lacks subject matter jurisdiction over the instant action. "It is well settled that the United States is a sovereign, and, as such, is immune

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:16-cv-00079-CAS(FFMx) | Date | February 18, 2016 |
|---|---|---|---|
| Title | RICHARD KANARIK V. UNITED STATES POSTAL SERVICE | | |

from suit unless it has expressly waived such immunity and consented to be sued." Gilbert v. DaGrossa, 756 F.2d 1455, 1458 (9th Cir. 1985). Moreover, "[a] waiver of the Federal Government's sovereign immunity must be unequivocally expressed in statutory text, and will not be implied." Lane v. Pena, 518 U.S. 187, 192 (1996). However, at present, given the paucity of the allegations in plaintiff's small claims form, the Court is unable to discern the nature of plaintiff's claim and whether it is the type of claim for which USPS retains sovereign immunity. Accordingly, at this stage the Court finds that the allegations in plaintiff's small claims form are simply too limited for the Court to determine whether plaintiff's claim is barred by sovereign immunity.

Instead, the Court, on its own motion, dismisses plaintiffs case pursuant to Federal Rule of Civil Procedure 8 for failure to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The purpose of Rule 8(a) is to ensure that a complaint "fully sets forth who is being sued, for what relief, and on what theory, with enough detail to guide discovery." McHenry v. Renne, 84 F.3d 1172, 1177 (9th Cir. 1996). The allegations in plaintiff's small claims form consist of a single sentence: "Defendant cheated me out of higher level position 3 times in the last 4 years." Dkt. 1-1, at 4. This is clearly insufficient to satisfy the requirements of Rule 8. See also Petty v. Duncan, 2014 WL 3809777, at *2 (S.D. Ill. Aug. 1, 2014) ("Although Rule 8 requires a complaint to contain 'a short and plain statement of the claim showing that the pleader is entitled to relief,' Plaintiff's pleading is too short and unclear to satisfy this standard."); Ormsby v. Astrue, 2011 WL 3625101, at *2 (M.D. Fla., Aug. 4, 2011) ("Although a short and plain statement under Federal Rule 8 is required, the instant Complaint is too short and too plain to meet the pleading requirements of Iqbal.").

If plaintiff elects to file an amended complaint, he should clearly and fully explain the factual and legal bases for his claim against USPS. Further, in his complaint, plaintiff should identify a statute by which USPS has waived its sovereign immunity over plaintiff's claim. See Mann v. F.B.I., 2007 WL 3101320, at *1 (N.D. Cal. Oc. 22, 2007) ("It is the plaintiff's burden to establish governmental waiver of sovereign immunity.") (citing Sopcak v. Northern Mountain Helicopter Service, 52 F.3d 817, 818 (9th Cir. 1995)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**   'O'

| Case No. | 2:16-cv-00079-CAS(FFMx) | Date | February 18, 2016 |
|---|---|---|---|
| Title | RICHARD KANARIK V. UNITED STATES POSTAL SERVICE | | |

## III. CONCLUSION

In accordance with the foregoing, the Court, on its own motion, **DISMISSES WITHOUT PREJUDICE** plaintiff's case for failure to comply with Rule 8 of the Federal Rules of Civil Procedure. Plaintiff shall file an amended complaint within **thirty (30) days** complying with the requirements of Rule 8. Failure to do so may result in dismissal of plaintiff's case with prejudice.

IT IS SO ORDERED.

|  | 00 | : | 00 |
|---|---|---|---|
|  | Initials of Preparer | | CMJ |